UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CROSS MEDIA WORKS LLC et al,
                              Plaintiffs,

            -v-

EMT HOLDINGS LLC et al,

                              Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

No. 14-CV-561 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

      This action relates to Defendants' alleged misappropriation of Plaintiffs' trade secret information relating to Plaintiffs' software platform known as "Maestro." On September 16, 2014, Plaintiffs moved to enjoin Defendants from using, selling, disseminating, or otherwise relying upon Plaintiffs' trade secret information relating to Maestro and Cross MediaWare; Defendants opposed Plaintiffs' Motion on October 13, 2014; and Plaintiffs submitted their reply on October 28, 2014.[1]

      Before me are the requests of Plaintiffs Cross Mediaworks, LLC and Telamerica Media, LLC as well as Defendants EMT Holdings, LLC, EMT&S Incorporated, and Leonard Joseph Fabiano III (collectively the "Parties"), dated November 4, 2014, (*see* Doc. 115), without any supporting case law or argument, for an Order closing the Courtroom to the public during the preliminary injunction hearing scheduled to take place November 17, 2014 through November 20, 2014. The presumptive First Amendment right of public access to judicial proceedings encompasses "civil trials and . . . their related proceedings and records." *N.Y. Civil Liberties*

---

[1] These documents have been filed under seal and designated "Attorneys' Eyes Only" in accordance with the Parties' Protective Order.

1

*Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011). "[T]here is no absolute right to protect trade secrets from disclosure." *See Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, No. 05-CV-302, 2007 WL 922255, at *5 (D. Vt. Mar. 23, 2007); *see also Barr Labs., Inc. v. KOS Pharm., Inc.*, 362 F. Supp. 2d 421, 424 (S.D.N.Y. 2005) (denying request to close preliminary injunction hearing even though confidential business and trade secret information of both parties were to be discussed). "Nevertheless protection of trade secrets may have a higher value than a qualified right of access under the First Amendment in certain cases and under certain circumstances . . . ." *See Green Mountain Chrysler Plymouth Dodge Jeep*, 2007 WL 922255, at *5. Where the presumptive First Amendment interest in public access applies, as here, it may be overcome by "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted).

As such, I hereby deny the Parties' request to close the entire preliminary injunction hearing, without prejudice to renew the request, based upon case law and argument that closure of the entire proceeding is essential to preserve higher values and is narrowly tailored to achieve that interest. The Parties are directed to consider whether or not the entire proceeding needs to be closed to the public, or whether only portions of the proceedings would justify closure.

If the Parties, or either party individually, would like to request that all or some of the proceedings be closed to the public, they/it must file a letter, no later than 9:00 a.m. on November 14, 2014, identifying the following:

    (1) The anticipated witnesses and areas of testimony and/or documentary evidence that will require exclusion of the public;

    (2) The reasons that the moving party is unable to rely upon its submissions under seal,

and requires detailed testimony revealing the alleged trade secrets; and

(3) The procedure by which the moving party proposes for the hearing to proceed. *See e.g.*, *United States v. Aleynikov*, No. 10-CR-96, 2010 WL 5158125, at *1 (S.D.N.Y. Dec. 14, 2010).

The Parties should be prepared to discuss this matter on November 17, 2014, prior to the commencement of the proceedings. I will issue my ruling after hearing argument.

SO ORDERED.

Dated:  November 12, 2014
        New York, New York

*/s/ Vernon S. Broderick*
Vernon S. Broderick
United States District Judge